**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50180 |
| Plaintiff - Appellant, | D.C. No. 3:08-cr-03366-JM-1 |
| v. | |
| BRADLEY JOHN DIERKING, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted December 9, 2009
Pasadena, California

Before: THOMPSON and SILVERMAN, Circuit Judges, and BOLTON, [**]
District Judge.

The government appeals the district court's order granting Bradley

Dierking's motion to suppress his confession. We have jurisdiction under 18

U.S.C. § 3731. In accordance with that provision, the government certified that

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Susan R. Bolton, District Judge, sitting by designation.

this appeal was not taken for purpose of delay and that the evidence suppressed constituted substantial proof of a fact material to the proceeding. The certification was signed by an Assistant United States Attorney as "Acting United States Attorney." Because someone other than the United States Attorney signed the certificate, it should have been accompanied by documentation establishing that person's authority to sign on behalf of the United States Attorney. *United States v. Wallace*, 213 F.3d 1216, 1219 (9th Cir. 2000).

The government's noncompliance with the certification requirement does not deprive the court of jurisdiction. *United States v. Gantt*, 194 F.3d 987, 997 (9th Cir. 1999). The government has supplemented the record with documentation proving that the AUSA had authority to sign on behalf of the United States Attorney at the time he filed the notice of appeal. "[T]hough the government's oversight has led to a considerable waste of judicial resources, the defendant has suffered no prejudice." *Id.* Dismissal is therefore unwarranted. At oral argument, AUSA Bruce R. Castetter assured the court that his office has rectified this problem and that it will not happen again. With that understanding, we are content to leave it at that.

Turning to the custody determination, Dierking was not subject to "'formal arrest or restraint on freedom of movement' of the degree associated with a formal

arrest." *United States v. Crawford*, 372 F.3d 1048, 1059 (9th Cir. 2004) (en banc) (quoting *California v. Beheler*, 463 U.S. 1121, 1125 (1983) (per curiam)). At the time Dierking confessed, the agents had assured him on three separate occasions that he was not under arrest, that they would not arrest him that day, and indeed they did not. *See id.* at 1059. Dierking demonstrated that he knew he was not in custody when he asked the agents if anything he might say *would* result in his arrest that day.

Dierking did not face anywhere near the degree of restraint and isolation faced by the suspect in *United States v. Craighead*, 539 F.3d 1073, 1085–87 (9th Cir. 2008). The agents ensured that Dierking was dressed and Dierking got himself a glass of water from his kitchen before the interview started. Only then did the agents *ask* Dierking if he wanted to sit at his kitchen table, where the interview began. The evidence does not support the district court's finding that the agents "told" Dierking where to sit. Nor was he isolated in a storage room with the door blocked by an agent, as had happened in *Craighead*. *Id.* at 1078. No agents blocked him from retreating outside his apartment or to elsewhere in the apartment where he could be by himself. The agents repeatedly explained that he was free to obtain a lawyer if he wanted one.

Significantly, there is no contention whatsoever that Dierking's confession was involuntary or anything other than entirely consensual. The record clearly shows that there was nothing oppressive, coercive, deceptive, or overbearing in the agents' questioning. *See United States v. Bassignani*, 575 F.3d 879, 884 (9th Cir. 2009). To the contrary, the tone of the conversation was friendly and cordial. A reasonable innocent person under the circumstances would have felt free to terminate the questioning, *Craighead*, 539 F.3d at 1082, so Dierking was not in custody and the need for *Miranda* warnings did not attach. Thus, the district court erred in suppressing the confession.

The district court did not address the parties' arguments regarding the validity of the warrant. We therefore remand for the district court to consider the validity of the warrant in the first instance.

REVERSED and REMANDED.